**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Joseph Campbell Williams II, Petitioner.

Appellate Case No. 2020-001262

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Pickens County
Perry H. Gravely, Circuit Court Judge

---

Memorandum Opinion No. 2022-MO-001
Heard November 10, 2021 – Filed January 12, 2022

---

**AFFIRMED**

---

J. Falkner Wilkes, of Greenville, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Joshua A. Edwards, both of Columbia; and Thirteenth Circuit Solicitor W. Walter Wilkins III, of Greenville, for Respondent.

---

**PER CURIAM:** We granted a writ of certiorari to review the decision of the court of appeals in *State v. Williams*, Op. No. 2020-UP-199 (S.C. Ct. App. filed July 1, 2020). Williams was convicted of first and second degree criminal sexual conduct with a minor and sentenced to forty years in prison. The minor victim was Williams' stepdaughter. On appeal, Williams argues the trial court erred in excluding evidence that the minor victim had falsely accused others of sexual abuse. It is Williams' position that evidence of false accusations of sexual abuse does not constitute "prior sexual conduct" for purposes of the "Rape Shield" Statute. *See* S.C. Code Ann. § 16-3-659.1 (2015). More to the point, Williams contends evidence of false accusations of sexual abuse "is more properly understood as verbal conduct, not sexual conduct." The State's response to this ostensibly meritorious argument is to follow the lead of the court of appeals and assert the issue was not properly preserved in the trial court. We are constrained to agree with the court of appeals that this issue is not preserved for *direct* appellate review. We further find Williams' effort to bolster his evidentiary challenge through the purportedly improper closing argument of the prosecutor was not preserved in the trial court.[1] Accordingly, we affirm the court of appeals.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, JAMES, JJ., and Acting Justice DeAndrea Gist Benjamin, concur.**

---

[1] The prosecution successfully prevented Williams from fully explaining why he did not want to be alone with the minor victim. The trial court then prevented Williams from making a full proffer. Seizing upon this, the prosecutor in closing argument attacked the defense for the absence of such evidence. We recognize the regrettable practice (a tactic utilized by prosecutors and defense attorneys alike) to successfully exclude evidence and then leverage the lack of that evidence in closing argument. There was no objection to the State's closing argument. As with the primary issue raised in Petitioner's brief, this issue may be addressed in a collateral proceeding.